NO. 07-07-0416-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 5, 2008
_____

MARK ANTHONY PEARSON, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 88226; HONORABLE LAYNE WALKER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Mark Anthony Pearson, Sr., pleaded guilty to the offense of burglary of a building. Pursuant to a plea agreement, adjudication of his guilt was deferred and he was placed on community supervision for a term of three years. Subsequently, the State filed a motion to adjudicate, alleging a number of violations of appellant's community supervision order. Appellant pleaded true to three of the allegations, was adjudicated guilty, and sentenced to serve 14 months in the Texas Department of Criminal Justice-State Jail Division. We affirm.

Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a *pro se* response. Appellant has filed a response.

Appellant's response alleges that his original plea was void because the same was not supported by any evidence, other than the plea itself. The record clearly demonstrates that appellant waived the appearance, confrontation and cross examination of any witnesses in writing. Further, appellant stipulated that evidence from the pre-sentence investigation report could be received in the records of the case. A review of the record demonstrates that the plea was supported by the factual allegations concerning the underlying burglary offense contained within the pre-sentence investigation report. The trial court did not enter a finding that the evidence was sufficient to support a finding of guilt until after the pre-sentence investigation report was submitted. See TEX. CRIM. PROC. CODE ANN. § 1.15 (Vernon 1991). Appellant alleges that his counsel in the original case was ineffective for failure to prepare any pre-trial motions. Again, the record clearly

2

demonstrates this allegation is false. Appellant's original trial counsel filed motions for discovery and inspection of the evidence, motion to list State's witnesses and request for criminal histories, motion for notice of State's intent to use extraneous offenses and a motion to discover exculpatory evidence. Appellant makes other unsubstantiated claims of ineffective assistance of counsel. We have reviewed the entire record and it demonstrates that a claim of ineffective assistance of counsel is frivolous and has no arguable merit. See Bone v. State, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002).

By his Anders brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is hereby granted[1] and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.

---

[1] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.

3